**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HYDIE NANCE, on behalf of herself and the class she seeks to represent, | ) ) ) | No. 20-cv-3004 |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Judge |
| SEIU HEALTHCARE ILLINOIS AND INDIANA, | ) ) ) | Magistrate Judge |
| *Defendant*. | ) ) ) | |

# COMPLAINT
# FOR INDIVIDUAL AND CLASS RELIEF
# FOR VIOLATION OF CIVIL RIGHTS

## INTRODUCTION

1.    The First Amendment prohibits states and unions from deducting and collecting union dues from individuals without their consent. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018); *Harris v. Quinn*, 573 U.S. 616 (2014). SEIU Healthcare Illinois and Indiana ("SEIU-HCII") is violating the First Amendment by causing the State of Illinois to deduct union dues and by collecting union dues from personal assistants who provided SEIU-HCII with clear notice that they do not consent to paying union dues. Plaintiff Hydie Nance, on behalf of herself and a class of similarly situated personal assistants, seeks a declaratory judgment, injunctive relief, and compensatory damages for SEIU-HCII's violation of their First Amendment rights.

## PARTIES

2.   SEIU Healthcare Illinois and Indiana ("SEIU HCII") is a labor organization that maintains it main office at 2229 South Halsted Street, Chicago, Illinois 60608.

3.   Plaintiff Hydie Nance is a resident of Randolph County, Illinois.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this case under 28 U.S.C. § 1331, because it arises under the United States Constitution, and under 28 U.S.C. § 1343, because Plaintiff seeks relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

5.   Venue is proper under 28 U.S.C. § 1391 because the Defendant's office is located in this judicial district and some events giving rise to the claims occurred within this judicial district.

## FACTS

6.   Illinois' Home Services Program ("HSP") is a Medicaid-waiver program that the federal government partially funds. *See* 20 Ill. Comp. Stat. 2405/3(f); Ill. Admin. Code tit. 89, § 676.10. Illinois' Department of Human Services ("DHS"), which is an agency of the State of Illinois, operates the HSP through its Division of Rehabilitation Services.

7.   The HSP pays for services for income-eligible persons with disabilities that enables those persons to live at home and avoid institutionalization. Among other things, persons with disabilities enrolled in the HSP can use their subsidies to hire "personal assistants" to assist them with activities of daily living in their homes, such as eating and dressing.

8.   Personal assistants are Medicaid providers employed by persons enrolled in the HSP,

and not by the State. In addition to other responsibilities, program participants are responsible for locating, hiring, training, supervising, evaluating, and terminating their personal assistants.

9.  The State of Illinois pays personal assistants for their services to HSP participants, usually through direct deposits. DHS operates a system that determines the payments to be made to personal assistants, and the Comptroller for the State of Illinois ("Comptroller") processes and makes these payments to personal assistants.

10.  DHS, the Comptroller, and SEIU-HCII operate jointly together to deduct and collect union dues from personal assistants' HSP payments pursuant to Illinois law, including 5 Ill. Comp. Stat. 315/6(f), and pursuant to terms of collective bargaining agreements between DHS and SEIU-HCII that require those deductions.

11.  DHS and the Comptroller will deduct dues payments for SEIU-HCII from HSP payments made to personal assistants, and remit those monies to SEIU-HCII, if SEIU-HCII informs DHS that those personal assistants authorized the assignment.

12.  DHS and the Comptroller will not stop deducting dues payments for SEIU-HCII from HSP payments made to personal assistants, or stop remitting those monies to SEIU-HCII, unless SEIU-HCII notifies DHS to cease the deductions.

13.  SEIU-HCII's policy and practice is to have DHS and the Comptroller deduct dues payments from HPS payments made to personal assistants who sign or verbally assent to a dues deduction form that authorizes the State of Illinois to make those deductions.

14.  Dues deduction forms used since at least 2009 to present include language, usually in a separate section, that authorizes membership in SEIU-HCII. However, the dues deduction authorization is not conditioned on a personal assistant's membership in SEIU-HCII.

15.  On information and belief, SEIU-HCII's and DHS's dues deduction forms do not include language that notifies personal assistants that they have a First Amendment right not to financially support SEIU-HCII nor language that the signatory agrees to waive that right.

16.  Plaintiff Hydie Nance is a personal assistant in the HSP program. Since times prior to May 2018 until mid-April 2020, DHS and the Comptroller deducted dues for SEIU-HCII from her HSP payments and SEIU-HCII collected those dues.

17.  On or around November 15, 2019, Plaintiff mailed written notice to both DHS and to SEIU-HCII that she resigned her membership in SEIU-HCII and revoked her dues deduction authorization. Plaintiff provided notice on forms similar or identical to those attached as Exhibit A.

18.  DHS did not respond to Plaintiff's notice and continued to deduct dues for SEIU-HCII from her HSP payments notwithstanding her objection.

19.  On information and belief, DHS and SEIU-HCII's policy and practice is for DHS not to respond to notices it receives from personal assistants to stop dues deductions and to continue those deductions unless and until SEIU-HCII instructs DHS to cease the deductions.


20.  SEIU-HCII also did not respond to Plaintiff's notice and continued to have DHS and the Comptroller deduct union dues from her HSP payments and to collect those dues.

21.  On information and belief, SEIU-HCII's policy and practice is to not effectuate notices it receives from personal assistants to resign their membership and revoke their dues deduction authorizations that are on forms identical or similar to those attached as Exhibit A, and to continue to collect and have DHS and the Comptroller deduct union dues from those personal assistants notwithstanding their notice of nonconsent.

-4-

22.   In a letter dated March 3, 2020, Plaintiff sent a second notice to SEIU-HCII and DHS that reiterated that she revoked her dues deduction authorization and did not want any union dues deducted from her HSP payments. The document is attached as Exhibit B. The substance of Plaintiff's second notice is the same as her first notice, but was not on a form attached as Exhibit A.

23.   DHS did not respond to Plaintiff's second notice and continued to deduct dues for SEIU-HCII from her HSP payments notwithstanding her objection.

24.   SEIU-HCII responded to Plaintiff's second notice in an email dated March 16, 2020 that states: "We are in receipt of your letter to opt-out, but unfortunately cannot process it without your valid photo id. Please simply take a picture of it, forwarding in reply to this email or email to inforeporting@seiuhcil.org or mail a copy to the address below and ensure to enclose your ID# listed at the top right of this email. Once we receive it, we can process your request." That email is attached as Exhibit C.

25.   SEIU continued to have DHS and the Comptroller deduct union dues from Plaintiff's HSP payments and to collect those dues after receiving Plaintiff's second notice.

26.   On information and belief, SEIU-HCII's and DHS's policy and practice is not to effectuate notices from personal assistants to stop dues deductions sent to SEIU-HCII unless personal assistants submit a photo identification. This policy and practice has resulted and will result in the deduction and collection of union dues from personal assistants who provided or provide written notice that they oppose union dues deductions.

27.   SEIU-HCII and DHS do not require a photo identification to authorize dues deductions or to authorize membership in SEIU-HCII.

28.   SEIU-HCII's and DHS's dues deduction forms do not state that the personal assistant

agrees that a photo identification must be submitted to revoke a dues deduction authorization.

29.    On information and belief, SEIU-HCII and DHS do not notify personal assistants that they must submit a photo identification to revoke a dues deduction authorization, except when SEIU-HCII responds to and rejects a personal assistant's attempt to revoke the authorization.

30.    SEIU-HCII's and DHS's policy and practice of refusing to stop dues deductions unless and until a personal assistant submits a copy of photo identification impedes and burdens personal assistants' First Amendment right to stop subsidizing SEIU-HCII and its speech. It also impinges on personal assistants' right to privacy and exposes them to the threat of identity theft.

31.    On April 2, 2020, Plaintiff sent an email to SEIU-HCII to with a copy of her photo identification.

32.    SEIU-HCII responded to that email with a letter dated April 3, 2020, attached as Exhibit D, which states "Your resignation from the Union is acknowledged and you will be designed a nonmember effectively immediately. We will notify the State and cease your dues checkoff."

33.    DHS and the Comptroller deducted dues payments for SEIU-HCII from the HSP payment Plaintiff received on April 12, 2020, but not from the HSP payment Plaintiff received on April 28, 2020.

34.    Plaintiff suffered injury and damages as a direct result of SEIU-HCII causing DHS and Comptroller to deduct dues from Plaintiff's HSP payments and by SEIU-HCII collecting dues from Plaintiff after she provided notice that she resigned her union membership and opposed dues deductions.

## CLASS ACTION ALLEGATIONS

35.   Plaintiff realleges and incorporates by reference the paragraphs set forth above.

36.   Plaintiff bring this case on her own behalf and on behalf of others similarly situated. Plaintiff seeks the certification of a "Class" of all personal assistants who had or have union dues deducted from their HSP payments after providing written notice to SEIU-HCII that they resign their union membership and oppose dues deductions.

37.   The number of Class members makes joinder of the individual Class members impractical, particularly given that more personal assistants with likely come within the class definition during the pendency of this litigation.

38.   There are questions of fact and law common to all Class members. Factually, all are personal assistants who had or are having union dues deducted from their HSP payments after providing notice to SEIU-HCII that they resigned their union membership and oppose dues deductions. The common legal questions for Class members is whether the foregoing violates their rights under the First Amendment.

39.   Plaintiff's claims are typical of Class members' claims because all claims concern whether the deduction and collection of union dues from Plaintiff's and Class members' over their objections violates their rights under the First Amendment and 42 U.S.C. § 1396a(a)(32).

40.   Plaintiff's claims are also typical of Class members' claims because the claims concern whether personal assistants can be required to provide photo identification to SEIU-HCII before they can exercise their First Amendment right not to subsidize SEIU-HCII's speech.

41.   Plaintiff will adequately represent the interests of the proposed classes and has no

interests antagonistic to the class.

42. A class action can be maintained under Rule 23(b)(2) because SEIU-HCII, by causing the deduction and by collecting union dues from personal assistants after receiving notice that they resign their membership and oppose dues deductions, and by requiring them to provide photo identification to exercise their First Amendment rights, have acted or refused to act on grounds that apply generally to Class members, so that final injunctive or declaratory relief is appropriate for the Class as a whole.

43. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual Class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all Class members are subjected to the same or similar violations of their rights but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions. The amount of the unauthorized deductions taken from Plaintiff and Class members is known to the defendants.

## CAUSES OF ACTION

### SEIU-HCII Violates the First Amendment by Deducting and Collecting Union Dues from Personal Assistants Over Their Objections

44. Plaintiff realleges and incorporates by reference the paragraphs set forth above.

45. SEIU-HCII acts under color of state law, including 5 Ill. Comp. Stat. 315/6(f), when causing DHS and the Comptroller to deduct or not deduct union dues from HSP payments made to personal assistants and when collecting dues through such deductions.

46. SEIU-HCII is a state actor by virtue of its authority under 5 Ill. Comp. Stat. 315/6(f)

and related statutes and by virtue of its joint participation with DHS and Comptroller with deducting, collecting, and stopping the deduction and collection of union dues from personal assistants' HSP payments.

47. The Supreme Court in *Harris v. Quinn*, 573 U.S. 616 (2014), held the First Amendment prohibits the State of Illinois and SEIU-HCII from deducting and collecting union dues from personal assistants without their consent.

48. The Supreme Court in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018), later held the First Amendment prohibits the State of Illinois and unions from deducting and collecting union dues from any individual without their consent.

49. It violates the First Amendment under *Harris* and *Janus* for the State of Illinois and SEIU-HCII to deduct and collect union dues or fees from a personal assistant after he or she provides written notice that he or she opposes paying union dues.

50. Plaintiff and Class members are personal assistants who provided or provide SEIU-HCII with written notice(s) that they resign their union membership and oppose dues deductions.

51. SEIU-HCII caused and will cause DHS and the Comptroller to deduct union dues, and SEIU-HCII has and will collect union dues, from personal assistants who provide written notice that they resign their union membership and oppose dues deductions: (i) that are on forms identical or similar to Exhibit A; (ii) that do not include a copy of photo identification; and (iii) potentially on other grounds.

52. By causing the deduction and by collecting union dues from the Plaintiff and Class members after they provide written notice they oppose those deductions, SEIU-HCII compels or compelled the Plaintiff and Class members to subsidize SEIU-HCII and its speech without

their consent and as a condition of their participation in the HSP.

53. SEIU-HCII, by causing the deduction of union dues from Plaintiff's and Class members' HSP payments after they provide written notice they oppose those deductions and by collecting those dues, deprive, or have deprived, Plaintiff and Class members of their First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

54. SEIU-HCII's conduct cannot survive constitutional scrutiny because the Supreme Court held in *Harris* and *Janus* that the State of Illinois and unions violate the First Amendment by deducting and collecting union dues from nonconsenting individuals. In the alternative, SEIU-HCII's conduct cannot survive exacting scrutiny, much less strict scrutiny, because refusing to effectuate personal assistants' written notices of opposition to dues deductions based on their form does not serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms.

[ The rest of this page is intentionally left blank. ]

**PRAYER FOR RELIEF**

Wherefore, Plaintiff request that this Court:

A.      Issue a declaratory judgment that SEIU-HCII violates the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by causing the deduction and by collecting union dues from personal assistants after they provide written notice to SEIU-HCII that they resign their union membership and oppose dues deductions, irrespective of the form of that written notice or whether it includes a photo identification.

B.      Issue a declaratory judgment that dues deductions authorized by 5 Ill. Comp. Stat. 315/6(f) are unconstitutional as applied to any personal assistant who provides written notice to the State of Illinois or SEIU-HCII that he or she opposes dues deductions.

C.      Permanently enjoin SEIU-HCII, along with affiliates, agents, and any other person or entity in active concert or participation with them, from causing the deduction and from collecting union dues from Plaintiff and Class members.

D.      Award compensatory damages to Plaintiff and Class members, or alternatively nominal damages;

E.      Award Plaintiff her costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

F.      Grant other and additional relief as the Court may deem just and proper.

-11-

Dated:       May 20, 2020.

Respectfully submitted,

/s/ JOSEPH A. MORRIS

_____

JOSEPH A. MORRIS
*One of Counsel for Plaintiffs*

| | |
|---|---|
| JOSEPH A. MORRIS<br>MORRIS & DE LA ROSA<br>6171 North Sheridan Road<br>Suite 312<br>Chicago, Illinois 60660<br>Telephone: (312) 927-4680<br>E-Mail: MDLRusuk@aol.com<br>Illinois Attorney No. 1963475 | WILLIAM L. MESSENGER<br>FRANK D. GARRISON<br>NATIONAL RIGHT TO WORK<br>    LEGAL DEFENSE FOUNDATION<br>8001 Braddock Road<br>Suite 600<br>Springfield, Virginia 22160<br>Telephone: (703) 321-8510<br>E-Mail: wlm@nrtw.org<br>          fdg@nrtw.org |

*Counsel for Plaintiffs*

-12-